**Barry L. MELHORN, Petitioner**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 24, 2005.

Decided Sept. 30, 2005.

Bradley S. Bingaman, Bedford, for petitioner.

Arthur R. Thomas, Asst. Counsel and Victoria S. Freimuth, Chief Counsel, Harrisburg, for respondent.

BEFORE: SMITH–RIBNER, Judge, PELLEGRINI, Judge, and COHN JUBELIRER, Judge.

OPINION BY Judge COHN JUBELIRER.

Barry Melhorn petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) that denied his request for administrative relief. Melhorn was confined for 5 months, 10 days, because of a Board detainer and a new criminal charge on which he did not post bail. He pled guilty and was sentenced on the new criminal charge. The trial court's sentencing order did not permit the time he spent in custody prior to his sentencing to be credited to his new sentence; consequently, Melhorn asserts that it should be credited to the backtime on his original sentence.

The following facts are relevant. Melhorn, on December 13, 1999, was released on parole from a sentence for aggravated assault, involuntary manslaughter, reckless endangerment and simple assault ("original sentence"). At that time, his maximum expiration date was December 3, 2005. On July 31, 2003, the Board issued a warrant and Melhorn was picked up that day for parole violations. He remained incarcerated on the Board's warrant and then was charged on August 19, 2003 with the new criminal charges of corruption of a minor, indecent assault, furnishing liquor to a minor and harassment. He did not post bail on the new charges. The nineteen-day period he was incarcerated solely on the Board's warrant, from July 31 to August 19, was credited toward his original sentence and is not in dispute here.

On December 9, 2003, while still incarcerated, Melhorn pled guilty to the charge of corrupting a minor. The court issued a sentencing order on February 9, 2004 ("new sentence"). That order provides:

### SENTENCE

And now, February 9, 2004, the Order of the Court is as follows:

1. On Count No 1, the sentence of the Court is that the defendant, Barry L. Melhorn, pay the costs of prosecution, pay a fine in the amount of $300.00, and be committed to the Bedford County Jail for a term of no less than six (6) months or more than twenty-three and one-half (23½) months **commencing January 30th, 2004.**

2. On motion of the District Attorney, Count Nos. 2, 3 & 4 of the information are hereby nolle prossed.

(O.R.47) (emphasis added). In that sentencing order, the trial court did not credit against Melhorn's new sentence the time he spent in custody from August 19, 2003 to January 30, 2004 (5 months, 10 days) ("pre-sentence time").[1]

On April 5, 2004, a Board hearing examiner held a parole revocation hearing relating to Melhorn's December 2003 guilty plea. The Board, by order mailed May 13, 2004, re-committed Melhorn to serve six months backtime as a technical parole violator and eighteen months backtime as a convicted parole violator, concurrently, "when available." (O.R.49–50.) This order erroneously reflected a re-calculated maximum date of April 29, 2004. Melhorn then, on May 23, 2004, filed for administrative relief with the Board, asserting that if, in fact, his maximum date is April 29, 2004, the Board no longer had jurisdiction over him. Alternatively, he contended that, if the Board erred in re-computing his maximum date, it should re-calculate that date to January 20, 2010. (O.R.52–54.)

The Board responded on July 2, 2004 and advised Melhorn that the parole violation maximum date listed in the April 29th order was a "clerical error," and that it had deleted that maximum date on June 24, 2004. (O.R.56.) It additionally stated that, because Melhorn was currently unavailable to begin serving his backtime, the Board could not yet re-calculate his new parole violation maximum date. *Id.* Melhorn petitioned this Court for review of the Board's July 2, 2004 determination and, in *Melhorn v. Pa. Bd. of Prob. and Parole,* —— A.2d ——, No. 1565 C.D.2004 (Pa.Cmwlth., filed January 25, 2005), we affirmed the Board in an unpublished slip opinion. In that appeal, Melhorn argued to this Court that he was available to begin serving his backtime from the date of his arrest on July 31, 2003 through the effective date of his new county sentence on January 30, 2004. However, Judge Friedman, writing for this Court, agreed with the Board that, because Melhorn was arrested on Aug. 19, 2003 and did not post bail, he had been in custody of the county authorities awaiting disposition and sentencing on his new charges and, therefore, was not "available" to serve backtime on his original sentence. Moreover, we stated that the Board could not:

> calculate a new parole violation maximum date until Melhorn completes his county sentence and becomes available to begin serving his backtime. At that time, the Board will calculate a new date and give Melhorn appropriate credit. If the Board fails to give Melhorn credit for the time he spent in custody from July 31, 2003, to January 30, 2004, Melhorn **then** may petition for review of the decision.

(*Melhorn* slip op. at 4, at ——)(emphasis in original.)

 Melhorn was released on parole from his new sentence on July 30, 2004. The sentencing court's order stated, "[t]he defendant shall be placed on parole for the

---

**1.** Throughout its brief, the Board inaccurately refers to the pre-sentence time as 4 months 10 days instead of 5 months, 10 days.

unexpired term of his maximum sentence which will terminate on or about January 15, 2006." (O.R.58.) Thereafter, on January 3, 2005, the Board re-calculated Melhorn's maximum date, for the original sentence, to be July 2, 2010. (O.R.59.) Under these calculations of his maximum dates, Melhorn did *not* receive credit toward *either* his original or his new sentence for the pre-sentence time. Therefore, in accordance with the directive in our slip opinion, he again sought administrative relief from the Board (O.R.60–62) and, when it was denied, (O.R.64.), petitioned for review of that decision by this Court.[2]

■ On appeal, Melhorn seeks to have his pre-sentence time credited toward the backtime on his original sentence, asserting that it *has* to be credited to that sentence because, under the judge's sentencing order, it was not credited to the new sentence. The Board counters that crediting Melhorn's pre-sentence time to his original sentence is not legally permitted and that Melhorn must seek relief from the sentencing court, rather than expect the Board to award him "illegal" credit.[3]

Our Supreme Court, in *Gaito v. Pa. Bd. of Prob. and Parole,* 488 Pa. 397, 412 A.2d 568 (1980), established the general rule used by the Board for crediting pre-sentence time for a defendant who is also a state parole violator. There, the Court stated:

**2.** On appeal our review is limited to determining whether the Board committed a constitutional violation or an error of law and whether its findings of fact are supported by substantial evidence. *Slaymaker v. Pa. Bd. of Prob. and Parole,* 768 A.2d 417, 418 n. 1 (Pa.Cmwlth.2001).

**3.** In addressing the sentencing judge's decision to refuse Melhorn credit against his new sentence for his pre-sentence time, the Public Defender, who had also represented Melhorn with regard to the new criminal charges, stated as follows:

[I]f a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.

*Id.* at 403–04, 412 A.2d at 571 (footnote omitted) (citations omitted).

The Board asserts that *Gaito* applies here and reasons that, because Melhorn did not post bail on the new charges, his pre-sentence time (August 19, 2003 through January 29, 2004) must be credited toward his new criminal sentence.

Melhorn does not argue that the general rule in *Gaito* would not normally apply in a situation where the parolee did not post bail on the new charges. Rather, he contends that, in this case, the trial court's sentencing order, by specifically requiring that his new sentence commence after the pre-sentence time, precludes an application of the *Gaito* rule. Accordingly, he asserts that the pre-sentence credit should be assessed against his original sentence, rather than denying him credit altogether. To support this argument, Melhorn relies on

I would also note that the way that the Court structured its Sentencing Order is interesting in that it didn't give him any credit for time that he'd done.... I tried to convince the Judge otherwise at the time, but it—he didn't go for it.

(N.T. 14–15.) It, thus, appears from the Public Defender's statement that the trial court made an intentional decision not to award Melhorn the pre-sentence time against the new sentence.

*Martin v. Pa. Bd. of Prob. and Parole,* 576 Pa. 588, 840 A.2d 299 (2003), and *Hears v. Pa. Bd. of Prob. and Parole,* 851 A.2d 1003 (Pa.Cmwlth.2004).

In *Martin,* the Supreme Court faced the question of what credit is owed to a parolee who is incarcerated, because of both a Board warrant and criminal charges, while awaiting trial on the new criminal charges. There, the parolee, James Martin, while on parole from a robbery sentence, was arrested on May 30, 2000 and charged with, *inter alia,* two counts of driving under the influence (DUI). *Id.* at 591, 840 A.2d at 300. On the same day, the Board lodged a detainer against him. *Id.* Martin did not post bail; he was convicted of DUI on July 19, 2001 and sentenced to 48 hours time served, with one-year of probation to be served after serving his robbery sentence. *Id.* On November 6, 2001, after a parole revocation hearing, Martin was recommitted to serve six-months of backtime as a convicted parole violator. *Id.* at 592, 840 A.2d at 300–01. He filed for administrative relief with the Board challenging its re-calculation of his maximum expiration date and asserting that the Board had failed to give him credit for all of the time he had served on the Board's detainer. Specifically, he argued that, because his new sentence was 48 hours time served, with a consecutive one-year probationary period, he should have received credit on his old sentence for the remaining time he spent as a pre-sentence detainee (from June 1, 2000 to July 19, 2001). *Id.* at 592, 840 A.2d at 301. The Board disagreed and this Court affirmed, relying on a series of cases that we had construed under our understanding of *Gaito.* Our Supreme Court reversed.

The Supreme Court, in *Martin,* explained that an indigent offender, being unable to post bail, should serve no less and no more time in incarceration than an offender who does post bail, *id.* at 598, 840 A.2d at 304, and noted that "the considerations relevant to the award of credit are just and equitable in nature." *Id.* at 604, 840 A.2d at 308. It additionally explained that its decision in *Gaito* was intended to establish that an offender should receive credit on his original sentence for pre-sentence incarceration where the conviction for the new charge does not lead to a new period of incarceration. Significantly, the Court, in *Martin,* discussed a footnote in *Gaito* that this Court had misconstrued. *Martin,* 576 Pa. at 599, 840 A.2d at 305. The footnote stated that "if a parolee is not convicted, or if no new sentence is imposed for that conviction on the new charge, the pre-trial custody time must be applied to the parolee's original sentence." *Gaito,* 488 Pa. at 404 n. 6, 412 A.2d at 571 n. 6. The *Martin* Court explained that what it intended to convey in the footnote was that:

> if a parolee is not convicted, or if no new [period of incarceration] is imposed for that conviction on the new charge, the pre-trial custody time must be applied to the parolee's original sentence. Our use of the word 'sentence' instead of 'period of incarceration,' inadvertently directed the Board and the Commonwealth Court to the statutory definition of 'sentence,' which includes sentencing alternatives other than incarceration.

*Id.* at 599–600, 840 A.2d at 305 (internal quotations omitted).

In *Hears,* our Court applied the principles espoused in *Martin* and held that the petitioner was entitled to credit toward his original sentence for time spent in custody both on the Board's detainer and the new criminal charges that were withdrawn. *Hears,* 851 A.2d at 1007. We stated that "the posting of bail is not determinative when deciding whether the offender receives credit for time served," because in-

digency should not be the deciding factor for determining credit for time served. *Id.* at 1006 n. 10. Even more, we reasoned that, although Hears was incarcerated on both the detainer and on the new criminal charge (pre-sentence time), the fact that he did not post bail "is irrelevant under *Martin.*" *Id.* at 1007. We, therefore, vacated and remanded for the Board to give Hears credit for his pre-sentence time. *Id.* In *Hears,* as the Board correctly points out, the offender's new sentence (4 days) was less than the pre-sentence time (4 months, 20 days).

*Martin* and *Hears* both concerned situations where the new sentence did not exceed the pre-trial confinement time on the new charge, whereas here, the new sentence did exceed the pre-sentence confinement time. We must determine whether the principles of *Martin* and *Hears* nonetheless apply here.

The Board contends it does not, and that the *Martin* exception to the *Gaito* rule provides that "only if it is impossible under the Sentencing Code to give a recommitted direct violator presentence credit on his new sentence must a recommitted direct violator receive credit against the original sentence for time in custody awaiting disposition of a new criminal charge." (Bd. Br. at 9.) It explains that it is not impossible to give Melhorn credit against his new sentence; that the sentencing court had no authority to decide the credit issue;[4] that Melhorn's remedy for the sentencing court's order is to seek proper credit from that court;[5] and, that Melhorn's position that the Board should give him credit toward the original sentence gives effect to an "illegal" order.

---

**4.** A sentencing judge does not have authority to make crediting decisions under Section 9760(1) of the Sentencing Code where a defendant, who is held in custody as a pre-sentence detainee on new criminal charges, is also being held for state parole violations. 42 Pa.C.S. § 9760(1). Section 9760(1) states that:

> [T]he court shall give credit as follows:
> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

Rather, those crediting decisions are for the Board. *Feilke v. Pa. Bd. of Prob. and Parole,* 167 Pa.Cmwlth. 381, 648 A.2d 121, 123 (1994) (stating that "the Board and not the sentencing court must determine how custody credit shall be applied when a sentence is imposed for a crime committed during the period a defendant is on parole.")(citing *Commonwealth v. Bigley,* 231 Pa.Super. 492, 331 A.2d 802 (1974) *).* The *Bigley* Court also indicated that the Board had *discretion* to decide to which sentence the credit should be applied. *Id.* at 805. Although the notion that the Board has *discretion* to determine to which sentence credit is applied is no longer good law, *see Gaito,* 488 Pa. at 403, 412 A.2d at 571 (establishing a non-discretionary rule as to which sentence the pre-sentence credit is to be applied), it remains the law that the sentencing court is not to decide the credit issue.

**5.** The Board relies principally on *McCray v. Pa. Dep't of Corrections,* 582 Pa. 440, 872 A.2d 1127 (2005), for this proposition. *McCray,* although illustrative, did not concern parole violation backtime as ordered by the Board; rather it involved a sentence for a violation of county probation issued by a court of common pleas. *Id.* at 443–44, 872 A.2d at 1129. In *Martin* the Court expressly indicated that "[p]robation forms no part of the issue before us and conditions of probation and its violation will not be separately addressed." *Id.* at 595 n. 4, 840 A.2d at 303 n. 4.

We do note, however, that in *Commonwealth v. Smith,* 853 A.2d 1020 (Pa.Super.2004), the Superior Court applied *Martin* to a situation where a defendant was held both on new charges and a probation detainer.

Melhorn counters that, because the sentencing court did not give him credit on the new sentence, the Board's denial of credit towards his original sentence, in addition, is "unjust." He further asserts that the Supreme Court's pronouncement in *Martin* disfavors such a result (Br. at 10) and references language from our previous slip opinion directing him to wait for the Board to re-calculate his credit after he is available, before petitioning for review.

To determine whether the *Martin* exception should apply here to provide Melhorn the relief he seeks, we focus on the fundamental reasons, as espoused by our Supreme Court, for awarding pre-sentence credit, and the rationale for its decision.

The Court, in *Martin*, explained that there are two fundamental reasons for awarding pre-sentence credit. The first is to eliminate unequal treatment suffered by indigent defendants who, because they cannot post bail, would end up serving longer sentences than those who are not indigent; and, the second is to equalize the actual time served in custody by defendants convicted of the same offense. *Id.* at 606, 840 A.2d at 309. It explained that "[t]hese purposes are not met when an indigent detainee is denied credit for serving time on both a Board detainer and new criminal charges solely because the detainee does not have the financial resources to satisfy bail requirements." *Id.* at 606, 840 A.2d at 309. Here, because of the trial court's sentencing order, Melhorn did not receive credit toward his new sentence. It is indisputable that, had he posted bail, he would have received credit toward his original sentence; however, he could not post bail. The result of the Board's order is that he will not get any credit for the time he served, and he will have served a longer time because of his failure to post bail. It is precisely this type of result that was disfavored by the Supreme Court in *Martin*.

The Court, in *Martin*, specifically held that "where an offender is incarcerated on both a Board detainer and new criminal charges, *all time spent in confinement must be credited to either the new sentence or the original sentence.*" *Id.* at 605, 840 A.2d at 309 (footnote omitted)(emphasis added). The Court also explained that there are particular considerations that require exercise of the court's discretion:

[C]onsiderations relevant to the award of credit are just and equitable in nature. Unique combinations of circumstances will be presented in different cases that tip the balance for or against the particular allocation of credit. Decision making in this context is, thus particularly suited to a discretionary framework with guidelines to ensure equitable treatment.

*Id.* at 604, 840 A.2d at 308.

The Board does not argue that Melhorn should not get credit for the time he served. However, at this time, it is not practical for him to receive credit on his new sentence, as he is already on parole for that sentence.

The Board argues that we should not give effect to an illegal order, and that the trial court should have credited the pre-sentence time against his new sentence. This Court had, in its prior opinion, stated to Melhorn that he would receive credit for the time he spent in custody from August 19, 2003 to January 30, 2004 (pre-sentence time), and the only way that can happen now is to credit it against his original sentence as he requests.

Accordingly, for the foregoing reasons, we must reverse the order of the Board and remand to the Board for a re-calculation of the maximum term of Melhorn's

original sentence in accordance with this opinion.

**ORDER**

**NOW,** September 30, 2005, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby reversed and this matter is re-manded for further proceedings consistent with the attached opinion.

Jurisdiction relinquished.