IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Adam Matarese,                          :
                    Petitioner          :
                                        :
            v.                          :
                                        :
Pennsylvania Board of                   :
Probation and Parole,                   :   No. 572 C.D. 2016
                    Respondent          :   Submitted: October 7, 2016


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                             FILED: January 12, 2017


        Adam Matarese (Matarese) petitions this Court for review of the Pennsylvania Board of Probation and Parole's (Board) March 29, 2016 order denying his request for administrative relief. The sole issue before this Court is whether the Board properly calculated Matarese's new maximum sentence release date as March 29, 2017. After review, we affirm.

        Matarese is currently an inmate at State Correctional Institution-Mahanoy. On April 28, 2014, the Board paroled Matarese from an 11 month, 8-day to 3-year sentence for manufacturing/sale/delivery or possession with intent to deliver a controlled substance (Original Sentence). At that time, his maximum sentence release date was June 13, 2016. Before his June 30, 2014 release on parole, Matarese agreed to conditions governing his parole, including:

> If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of

the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

Certified Record (C.R.) at 7-9.

On August 2, 2014, the Board lodged a warrant to commit and detain Matarese for technical parole violations and arrested him. On November 3, 2014, the Berks County Police Department arrested Matarese for Intentional Possession of a Controlled Substance by a Person not Registered and the Berks County Common Pleas Court (trial court) set bail for $25,000.00, which Matarese was unable to post. On January 13, 2015, Matarese pled guilty to the Berks County charge, and the trial court sentenced him to 6 to 23 months incarceration with a 7-day credit for January 7 to January 13, 2015.[1] *See* C.R. at 69.

On April 8, 2015, the Board provided Matarese with a notice of charges and notice of the Board's intent to hold a parole revocation hearing. On April 16, 2015, the Board held the revocation hearing, at which Matarese was represented by counsel, and admitted to his Berks County conviction. That same date, the Board panel voted to recommit Matarese as a convicted parole violator (CPV), and to grant him credit for time he spent at liberty on parole.[2] By decision recorded April 23, 2015 (mailed May 4, 2015), the Board formally recommitted Matarese as a CPV, when available, pending completion of, or parole from, his Berks County sentence. On August 19, 2015, Matarese was paroled from his Berks County sentence. By October 19, 2015 recommitment order, based on his August 19, 2015 parole, the Board recalculated Matarese's Original Sentence maximum release date to March 29, 2017. By decision recorded on October 13, 2015 (mailed October 26, 2015), the

---

[1] There is no explanation for the 7-day credit in the record.
[2] Section 6138(a)(2.1) of the Parole Code provides: "The [B]oard may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole[.]" 61 Pa.C.S. § 6138(a)(2.1).

Board formally recommitted Matarese to serve 6 months backtime as a CPV with a maximum sentence release date of March 29, 2017.

The Board calculated Matarese's new maximum sentence release date as follows. When Matarese was released on parole on June 30, 2014, his Original Sentence maximum release date was June 13, 2016 and, thus, he owed 714 days of backtime towards his Original Sentence. The Board awarded Matarese 33 days credit for his time spent at liberty on parole, leaving him with 681 days of backtime to serve on his Original Sentence. Matarese received 93 days of credit for the period of August 2, 2014 (when the Board lodged its warrant) to November 3, 2014 (when bail was set on his Berks County charge but not posted). Crediting 93 days against 681 days of backtime resulted in Matarese owing 588 days of backtime toward his Original Sentence. Matarese became available to begin serving the backtime on his Original Sentence when he was released on parole from his Berks County sentence on August 19, 2015. Adding 588 days to August 19, 2015 resulted in Matarese's new March 29, 2017 Original Sentence maximum release date.

On November 16, 2015, Matarese submitted an Administrative Remedies Form challenging the Board's decision recorded on October 13, 2015 (mailed October 26, 2015), which formally recommitted Matarese as a CPV. On March 29, 2016, the Board denied Matarese's request for administrative relief. Matarese appealed to this Court.[3]

Matarese argues that the Board miscalculated his new maximum sentence release date as March 29, 2017. Specifically, Matarese contends that the

---

[3] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

3

Board failed to give him credit for all time spent incarcerated solely on the Board's warrant. We disagree.

Matarese was arrested on the Board's warrant on August 2, 2014. He was thereafter arrested in Berks County on November 3, 2014 at which time the trial court set bail which Matarese did not post. "[W]here an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement **must be credited to either the new sentence or the original sentence**." *Martin v. Pa. Bd. of Prob. & Parole,* 840 A.2d 299, 309 (Pa. 2003) (emphasis added).

> Further,
>
> > [our] Supreme Court held that 'time spent in custody pursuant to a detainer warrant shall be credited to a convicted parole violator's original term . . . **only when the parolee was eligible for and had** *satisfied bail requirements for the new offense* **and thus remained incarcerated only by reason of the detainer warrant lodged against him**.' *Gaito* [*v. Pa. Bd. of Prob. & Parole*], . . . 412 A.2d [568,] 571 [(Pa. 1980)] (quoting *Rodriques v.* [*Pa.*] [*Bd.*] *of Prob*[.] [*&*] *Parole, . . .* 403 A.2d 184, 185-86 ([Pa. Cmwlth.] 1979)) (emphasis added).

*Armbruster v. Pa. Bd. of Prob. & Parole,* 919 A.2d 348, 352 (Pa. Cmwlth. 2007) (bold emphasis added). Thus, because Matarese did not post bail, the time he spent incarcerated between November 3, 2014 (the date bail was set), until January 13, 2015 (the day he pled guilty and was sentenced on the Berks County charge), must be credited to Matarese's Berks County sentence. Moreover, Section 9760 of the Sentencing Code provides, in pertinent part:

> After reviewing the information submitted under [S]ection 9737 [of the Sentencing Code] (relating to report of outstanding charges and sentences) the court shall give credit as follows:
>
> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison

4

sentence is imposed or as a result of the conduct on which such a charge is based. **Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal**.

42 Pa.C.S. § 9760 (emphasis added).

Because Matarese never posted bail on his Berks County charge, the only time spent **solely** on the Board's warrant was from August 2, 2014 to November 3, 2014. Since Matarese was properly credited for those 93 days, the Board did not err in calculating his new Original Sentence maximum release date.[4]

For all of the above reasons, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

---

[4] It appears that

> [Matarese's] sole basis for requesting credit from the Board is that he was not given credit on his new sentence. Pursuant to *Melhorn* [*v. Pa. Board of Probation and Parole,* 883 A.2d 1123 (Pa. Cmwlth. 2005)], and *McCray* [*v. Department of Corrections,* 872 A.2d 1127 (Pa. 2005)], **where a sentencing court does not give an inmate full credit for time served, the inmate's remedy is in the trial court and through the direct appeal process, not through the Board**.
>
> Under the facts presented here, we conclude that the Board properly refused to apply [Matarese's] pre-sentence confinement time towards his [O]riginal [S]entence.

*Armbruster,* 919 A.2d at 356 (emphasis added).

Adam Matarese,                           :
                        Petitioner       :
                                         :
            v.                           :
                                         :
Pennsylvania Board of                    :
Probation and Parole,                    :    No. 572 C.D. 2016
                        Respondent       :

## O R D E R

AND NOW, this 12th day of January, 2017, the Pennsylvania Board of Probation and Parole's March 29, 2016 order is affirmed.


                                    _____
                                    ANNE E. COVEY, Judge