# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Leonardo Bauza,                           :
                 Petitioner     :
                                   :
              v.                     :     No. 1048 C.D. 2016
                                   :     Submitted:  December 16, 2016
Pennsylvania Board of Probation     :
and Parole,                               :
                 Respondent    :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                   HONORABLE PATRICIA A. McCULLOUGH, Judge
                   HONORABLE JAMES GARDNER COLINS, Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**          **FILED:  March 13, 2017**


Leonardo Bauza petitions for review of the Order of the Pennsylvania Board of Probation and Parole (Board) denying Bauza's Petition for Administrative Review and affirming the Board's Decision, mailed December 24, 2015, that recalculated Bauza's maximum date as March 26, 2017, based on his recommitment as a convicted parole violator (CPV).  On appeal, Bauza argues that the Board erred by not giving him credit for 179 days of pre-sentence confinement that had not been credited to his new sentence.  Discerning no error, we affirm.

The relevant facts are as follows. On October 4, 2012, the Board paroled Bauza from his original sentence,[1] which had a maximum date of June 24, 2015, and he was released on February 19, 2013, to a community corrections center. (C.R. at 11-19.) The Board issued a Warrant to Commit and Detain on June 18, 2014, based on Bauza's arrest on new criminal charges related to retail theft. (C.R. at 31, 45-46.) It is undisputed that from June 18, 2014 to September 2, 2014, Bauza remained confined solely on the Board's Warrant. A Notice of Charges and Hearing informed Bauza that he was being charged with violating multiple conditions of his parole based on the new criminal charges. (C.R. at 32-33.) After waiving the violation hearing and admitting to the violations on June 27, 2014, the Board recommitted Bauza as a technical parole violator (TPV) to serve six months backtime by decision mailed July 28, 2014. (C.R. at 34, 74-76.) The Board issued an additional decision mailed November 17, 2014, that detained Bauza pending the disposition of the new criminal charges. (C.R. at 82-84.)

On September 2, 2014, Bauza was arraigned on the new charges and monetary bail was set, which Bauza did not post. (Magisterial District Judge Docket No. MJ-23203-CR-0000306-2014, C.R. at 57-59.) On March 30, 2015, Bauza pleaded guilty to giving a false identification to a law enforcement officer, and the Court of Common Pleas of Berks County (common pleas) sentenced him on the same day to 30 days to 12 months with "credit [for] 30 days['] time served." (Sentence Order, C.R. at 55-56; Common Pleas Docket No. CP-06-06-0004483-2014 at 3, C.R. at 62.) Having credited Bauza for only 30 days' time served, common pleas did not credit the pre-confinement period between September 2, 2014 and February 28, 2015, to the new sentence. Bauza was released on parole

[1] The record indicates that Bauza had a prior sentence that expired in 2008.

2

by county authorities on April 9, 2015, and he was returned to a State Correctional Institution (SCI). (C.R. at 54.) Bauza's new sentence expired in February 2016.

The Board issued a Notice of Charges and Hearing advising Bauza that a revocation hearing was to be held based on his new criminal conviction. (C.R. at 85.) Bauza waived the revocation hearing and admitted to his new criminal conviction. (C.R. at 89-90.) The Board recommitted Bauza as a CPV to serve nine months' backtime concurrent with the previously-imposed six months' backtime for his technical parole violations. (Board Decision, July 30, 2015, C.R. at 100-01.) The Board did not give Bauza credit for the time he spent at liberty on parole but did give him credit for periods when he was confined solely on the Board's warrant, from August 28, 2013 to October 29, 2013, (62 days) and from June 18, 2014 to September 2, 2014, (76 days), for a total of 138 days. (Hearing Report at 2-3, C.R. at 92-93; Order to Recommit, C.R. at 102.) The Board determined that Bauza had 855 days remaining on his original sentence when he was paroled on February 19, 2013, and, giving Bauza credit for 138 days, it found that he had 717 days remaining on that sentence. (Order to Recommit, C.R. at 102.) Adding 717 days to April 9, 2015, the date he was paroled from his new sentence and returned to custody, resulted in a new maximum date of March 26, 2017. (Id.) By Decision mailed December 24, 2015, the Board referred to its prior decisions recommitting him as a TPV and CPV and advised Bauza that his recalculated maximum date was March 26, 2017. (C.R. at 104.)

Bauza filed a Petition for Administrative Review, claiming that the Board erred in not giving him credit for the 179 days that had not been credited against his new sentence. (C.R. at 109.) Bauza argued that the sentencing order on the new criminal conviction gave him only 30 days' credit and, therefore, the

3

remaining days should be credited against his backtime. (Id.) By Order mailed March 9, 2016, the Board held that the calculation of Bauza's new maximum date was correct because, pursuant to Gaito v. Pennsylvania Board of Probation and Parole, 412 A.2d 568 (Pa. 1980), he was not entitled to credit against his original sentence for the time he spent confined on both the Board's warrant and the new criminal charges. (C.R. at 114-15.) That time, according to the Board, must be applied to his new sentence in accordance with Gaito. (Id. at 114.) Therefore, the Board affirmed the December 24, 2015 Decision. Bauza now petitions this Court for review.[2]

On appeal, Bauza argues that the 179 days that were not credited against his new sentence should be credited against his original sentence because common pleas made a mistake when it only credited him for 30 days' time served. Bauza asserts that courts of common pleas in counties that do not have SCIs consistently misinterpret how credit is applied between new and original sentences, leaving individuals like Bauza to file a petition under the Post Conviction Relief Act[3] (PCRA), seeking to correct the sentence or not receive credit against any sentence for all of the time spent confined. In the present matter, Bauza points out that because his new sentence expired in February 2016, there is no way that this time could be credited to that sentence. Bauza contends that the Board easily could apply that unaccounted-for credit to the original sentence, as would occur if an individual is acquitted of the new charges, is sentenced to probation, or the pre-

---

[2] In reviewing the Board's orders, our review "is limited to determining whether the Board's findings are supported by substantial evidence, [whether] an error of law [was] committed, or whether any of the parolee's constitutional rights were violated." Andrews v. Pa. Bd. of Prob. and Parole, 516 A.2d 838, 841 n.10 (Pa. Cmwlth. 1986).

[3] 42 Pa. C.S. §§ 9541-9546.

sentence confinement period exceeds the new sentence imposed. Finally, Bauza asserts that Section 6138(a) of the Prisons and Parole Code (Code), 61 Pa. C.S. § 6138(a), as amended, "gives the . . . Board . . . discretion in applying backtime credit and re[]parole . . . when 'the best interests of the inmate justify or require the inmates release on parole and it does not appear the interests of the Commonwealth will be injured thereby.'" (Bauza's Br. at 12, quoting 61 Pa. C.S. § 6138(a)(3).)

The Board responds that the denial of credit for the 179 days is consistent with the precedent of the Supreme Court and this Court, including Gaito and Armbruster v. Pennsylvania Board of Probation and Parole, 919 A.2d 348 (Pa. Cmwlth. 2007). It contends that this matter is almost identical to Melhorn v. Pennsylvania Board of Probation and Parole, 883 A.2d 1123, 1129-30 (Pa. Cmwlth. 2005) (Melhorn I), in which the Commonwealth Court granted a parolee the relief Bauza requests, but the Supreme Court reversed, Melhorn v. Pennsylvania Probation and Parole, 908 A.2d 266, 266 (Pa. 2006) (Melhorn II). The Board maintains that Bauza's remedy was to file a PCRA petition challenging the new sentence, rather than waiting to challenge the Board's eventual recalculation of his maximum date on his original sentence.

The Board is correct that this issue was addressed in Melhorn I and Melhorn II, as well as in Armbruster. In Melhorn I, the parolee was charged with committing new crimes and spent more than five months in pre-sentence confinement on both a Board warrant and new criminal charges. Melhorn I, 883 A.2d at 1125. When the parolee was sentenced on the new charges, the sentencing court did not give him credit for his pre-sentence confinement. Id. After being recommitted as a CPV, the Board recalculated the parolee's maximum date without giving him credit for any of the time he spent in pre-sentence confinement.

5

Id. at 1126. The parolee challenged the recalculation, asserting that he had to receive credit against his original sentence for that time because it had not been credited against his new sentence. Id. at 1126-27 (citing Martin v. Pa. Bd. of Prob. and Parole, 840 A.2d 299, 305 (Pa. 2003) (holding that where a parolee's pre-sentence confinement time exceeds the sentence on the new charges, the parolee is entitled to credit against the original sentence for that time); Hears v. Pa. Bd. of Prob. and Parole, 851 A.2d 1003, 1007 (Pa. Cmwlth. 2004) (holding that where the new criminal charges are withdrawn, a parolee is entitled to credit against the original sentence for the parolee's pre-sentence confinement). The Board asserted that the time could not be credited against the parolee's original sentence and that he had to request relief from the sentencing court. Melhorn I, 883 A.2d at 1126. This Court agreed with the parolee, holding that credit should be given on the original sentence because "'where an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to the new sentence or the original sentence'" and it was impractical to credit the parolee's new sentence because he was "already on parole for that sentence." Id. at 1129 (quoting Martin, 840 A.2d at 309 (emphasis omitted)). The Board appealed, and the Supreme Court reversed in a per curiam order, citing McCray v. Pennsylvania Department of Corrections, 872 A.2d 1127, 1131-32 (Pa. 2005) (holding, *inter alia*, that requests for relief from sentencing orders should be addressed to the sentencing court), Gaito, 412 A.2d at 571 (concluding, among other things, that time spent confined on both new charges and a Board warrant should be credited against the new sentence), and Section 9760 of the Code, 42 Pa. C.S. § 9760 (providing, in relevant part, that sentencing courts should give credit against a defendant's maximum term and minimum term for all time spent in

custody on the charge for which the sentence was imposed). Melhorn II, 908 A.2d at 266.

Subsequently, in Armbruster, we clarified the manner in which pre-sentence confinement credit should be applied and how a parolee could challenge a sentencing order that did not give credit for the entire pre-sentence confinement period. In Armbruster, as in Melhorn I, the parolee was not given credit for all of his pre-sentence confinement on his new sentence and argued that the Board had to apply that time to his original sentence. Armbruster, 919 A.2d at 351-52. We disagreed, stating that this Court has consistently held, pursuant to Gaito, that the "time between arrest and sentencing [on new charges], when bail is not satisfied, must be applied to the new sentence, and not the original sentence," and that we apply the exceptions to Gaito only when the "new sentence was *less than* the time spent in custody awaiting trial on the new charges," not when the new sentence exceeds the time spent in custody. Armbruster, 919 A.2d at 353-54 (emphasis in original). We found Melhorn II to be directly on point, and pursuant to that case and McCray, the Board properly refused to give the parolee credit on the original sentence for the time spent in pre-sentence confinement on both the new charges and the Board's warrant and that the parolee's "remedy is in the trial court and through the direct appeal process, not through the Board." Armbruster, 919 A.2d at 356.

The facts here are nearly identical to those in Melhorn II and Armbruster. Bauza's new sentence exceeded the time he spent in pre-sentence confinement on both the new charges and the Board's warrant, Bauza did not receive credit for all of that time against his new sentence, and Bauza requested that the Board credit that time period on his original sentence based solely on the fact that he did not

7

receive credit against his new sentence. However, pursuant to our precedent, Bauza is not entitled to the relief he requests. Rather, Bauza's remedy was in common pleas "and through the direct appeal process." Id.

That Bauza's new sentence has expired and, therefore, there is no sentence left against which to credit his pre-sentence confinement time, does not alter the fact that the remedy described in McCray, Melhorn II, and Armbruster was available to him to challenge common pleas' credit determination; he simply did not utilize it. Moreover, Bauza's reliance on the discretion given to the Board under Section 6138(a)(3) of the Code[4] is misplaced because that subsection addresses the discretion to grant *reparole* when the circumstances warrant and does not, as Bauza suggests, give the Board discretion to award *credit* for confinement time that, pursuant to well-settled precedent, may not be applied to an original sentence.

Accordingly, the Board properly did not apply the 179 days of pre-sentence confinement time against Bauza's original sentence, and we affirm the Board's Order.

_____
**RENÉE COHN JUBELIRER,** Judge

---

[4] Section 6138(a)(3) states, in relation to convicted parole violators, "[t]he [B]oard may, in its discretion, reparole whenever, in its opinion, the best interests of the inmate justify or require the inmate's release on parole and it does not appear that the interests of the Commonwealth will be injured thereby." 61 Pa. C.S. § 6138(a)(3).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Leonardo Bauza,                          :
                       Petitioner        :
                                         :
            v.                           :     No. 1048 C.D. 2016
                                         :
Pennsylvania Board of Probation          :
and Parole,                              :
                       Respondent        :

# **O R D E R**

   **NOW**, March 13, 2017, the Order of the Pennsylvania Board of Probation and Parole, entered in the above-captioned matter, is hereby **AFFIRMED**.


                                    _____
                                    **RENÉE COHN JUBELIRER,** Judge