J-S08032-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEROY BENJAMIN TOWNSEND | : | |
| | : | No. 1106 WDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence June 30, 2017
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001812-2017

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                     **FILED: April 2, 2018**

Appellant Leroy Benjamin Townsend appeals the judgment of sentence imposed by the Court of Common Pleas of Erie County following his conviction of Retail Theft.  Appellant argues that the trial court failed to properly award him credit for time served.  We vacate and remand.

The lower court summarized the facts of the case as follows:

> On May 15, 2017, Appellant was arrested for Retail Theft and committed to the Erie County Prison because he was unable to make bond.  Concurrently, the Board of Probation and Parole ("the Board") filed a detainer because Appellant was on state supervision at the time of his arrest.  Separately, Appellant was subject to a probation violation warrant issued May 17, 2017 for a sentence he was serving for Retail Theft in Allegheny County.
>
> Appellant remained incarcerated until June 30, 2017, when he pled guilty in this case to a first degree misdemeanor, Retail Theft.  At his request, his case went to immediate sentencing. Appellant was sentenced to 6 to 24 months of incarceration, consecutive to the state sentence Appellant was previously

_____

* Former Justice specially assigned to the Superior Court.

serving. All credit for time served was accorded to the state sentence Appellant was serving at the time he committed the Retail Theft in this case.

Trial Court Opinion, 10/6/17, at 1. Appellant filed this timely appeal.

The sole issue that Appellant raises on appeal is whether the trial court was required to award credit for time served from May 15, 2017 to June 30, 2017 (47 days) to the new sentence at this docket instead of awarding them to Appellant's original sentence. As an initial matter, we note that, "[g]enerally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." *Commonwealth v. Morrison*, 173 A.3d 286, 290 (Pa.Super. 2017). "A claim based upon the failure to give credit for time served is a challenge implicating the legality of one's sentence. A claim challenging the legality of sentence is appealable as of right." *Commonwealth v. Dixon*, 161 A.3d 949, 951 (Pa.Super. 2017).

The Pennsylvania Sentencing Code provides, with regard to awarding credit for time served, in relevant part as follows:

### § 9760. Credit for time served

After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of conduct on which such a charge is based. Credit shall include credit for the time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

\* \* \*

(4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S. § 9760(1), (4).

In a recently published decision, ***Commonwealth v. Gibbs***, \_\_\_A.3d.\_\_\_, 2018 PA Super 62 (Mar. 19, 2018), this Court addressed a nearly identical challenge to a trial court's decision to apply credit for time served to the parole violator's original sentence instead of the sentence on the new charges. The ***Gibbs*** court summarized the applicable law as follows:

[Section 9760] does not specifically contemplate credit for time served following a parole violation and revocation. Our Supreme Court has held, however, that this credit statute mandates an offender receive credit for all incarceration served before sentencing for which he is being detained in custody. ***Gaito v. Pa. Bd. of Probation and Parole***, 488 Pa. 397, 412 A.2d 568 (1980). Determining who applies the credit and to which offense it applies has been difficult.

\*\*\*

In ***Martin*** [***v. Pa. Bd. of Probation and Parole***, 576 Pa. 588, 840 A.2d 299 (2003),] the court painstakingly attempted to fashion a rule that would work in all situations where confinement was the result of *both* the detainer for a parole violation *and* the failure to meet conditions of bail on the new offense. The court reviewed many cases and searched for a comparable resolution of this issue in other jurisdictions. ***Id.*** at 304–08. The court observed that "[u]nique combinations of circumstances will be presented in different cases that tip the balance for or against the particular allocation of credit. ***Id.*** at 308. Ultimately, the ***Martin*** court left the application of time served to the Board's discretion and held that where an offender was incarcerated on both a Board detainer and new criminal charges, all time spent in

confinement must be credited by the Board to either the new sentence or the original sentence. *Id.* (emphasis added).

Following the *Martin* decision in 2003, however, other cases have addressed the issues of whether the Board or the sentencing court should determine credit for time served and to which offense that credit should be applied. *See e.g. McCray v. Pa. Dept. of Corrections*, 582 Pa. 440, 872 A.2d 1127 (2005); *Melhorn v. Pa. Bd. of Probation and Parole*, 883 A.2d 1123 (Pa. Cmwlth. 2005), rev'd, 589 Pa. 250, 908 A.2d 266 (2006); *Armbruster v. Pa. Bd. of Probation and Parole*, 919 A.2d 348 (Pa. Cmwlth. 2007). Ultimately, these cases determined that where a sentencing court does not give an inmate full credit for time served, the inmate's remedy is in the trial court, and through the direct appeal process, not through the Board. *Armbruster*, 919 A.2d at 356.

Finally, in *Commonwealth v. Mann*, 957 A.2d 746 (Pa. Super. 2008), this Court determined that while no single case offers a specific, unified, time-served credit application schema, reading several key cases together, the Court found that they collectively provided a resolution to the questions of where time-served credits are to be applied and by which adjudicatory body:

> [A]ll time served by a parole violator while awaiting disposition on new charges *must* be credited to the original sentence if the inmate remains in custody solely on a Board detainer. *If the inmate is incarcerated prior to disposition and has both a detainer and has failed for any reason to satisfy bail, the credit must be applied to the new sentence by the sentencing court.* If the new sentence is shorter than the time served, the balance can be applied to the original sentence, but the sentencing court must specify "time served: in the sentencing order for the new offense, so that the Board will be able to apply the credit.

*Id.* at 751. (emphasis added) (citations omitted).

*Gibbs,* 2018 PA Super 62, at *1-3 (emphasis added). In *Gibbs*, the appellant asked that credit for time served from his arrest to his sentencing be applied

to his new charges when he had been subject to a Board detainer for a parole violation and did not satisfy bail on the new charges. Based on the rule set forth in *Mann*, the *Gibbs* court held that the trial court erred in crediting the appellant the time he served prior to the disposition of the new charges to his original 2007 sentence, and not to his new sentence.

Likewise, in this case, Appellant was on state supervision at the time of his arrest for the instant charges. Appellant remained incarcerated from his arrest to his sentencing on the charges in this case due to his failure to make bond as well as the Board detainer. Pursuant to *Gibbs* and *Mann*, the trial court was required to award Appellant the credit for time he served prior to the disposition of the new charges on the new sentence.

Accordingly, we vacate the judgment of sentence and remand. The sentencing court is instructed to apply credit to the balance of Appellant's new sentence for all the time he was in custody between his arrest on the new charges and his sentencing for those offenses. In the event the credit exceeds his remaining time, it may be applied to his original sentence.

Judgment of sentence vacated. Remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/2/2018