IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Luzmari Tatiana Colon-Rivera,     :
       Petitioner     :
       :
       v.     :    No. 1367 C.D. 2024
       :    Submitted: December 8, 2025
Pennsylvania Parole Board,     :
       Respondent     :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
          HONORABLE MICHAEL H. WOJCIK, Judge (P.)
          HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER      FILED: January 27, 2026

Luzmari Tatiana Colon-Rivera (Petitioner) seeks review of an Order of the Pennsylvania Parole Board (Board), mailed September 24, 2024, that affirmed the Board's action mailed May 16, 2024, recommitting Petitioner as a convicted parole violator (CPV) and ordering Petitioner to serve 24 months concurrently to a previously imposed technical violation period of 6 months, for a total of 30 months backtime. On appeal, Petitioner argues the Board erred in denying her credit towards her original sentence for time served spent in lieu of bail and on the Board's detainer, in addition to incorrectly recalculating Petitioner's maximum sentence date. Upon review, discerning no error, we affirm.

On March 20, 2012, the Court of Common Pleas of Berks County sentenced Petitioner to serve an aggregate sentence of 6 years, 4 months to 22 years for voluntary manslaughter-provocation by victim and simple assault (Original

Sentence). (Certified Record (C.R.) at 1.) Petitioner's minimum sentence date was June 10, 2017, and her maximum sentence date was February 10, 2033. (*Id.*) On March 26, 2019, the Board granted Petitioner parole, and Petitioner was actually released on June 23, 2019.[1] (*Id.* at 9-11.)

While Petitioner was on parole, Lebanon City Police arrested Petitioner on May 29, 2022, and Petitioner was subsequently charged with driving under the influence (DUI) on October 18, 2022. (*Id.* at 37.) Petitioner posted unsecured bail on November 2, 2022, the same day it was set. (*Id.* at 42.) While that charge was pending, Petitioner was arrested for another DUI, this time in Dauphin County, on January 28, 2023. (*Id.* at 84.)

Based on the new charges and technical parole violations, the Board issued a Warrant to Commit and Detain on February 6, 2023. (*Id.* at 22.) By decision mailed on February 28, 2023, Petitioner was detained on the DUI from Lebanon City and recommitted as a technical parole violator (TPV) for a period of six months for removing a GPS unit. (*Id.* at 23-25.)

Charges were subsequently filed for the Dauphin County DUI and monetary bail was set on June 26, 2023, which Petitioner did not post. (*Id.* at 100-01.) Petitioner was sentenced to one to three years in state prison on the DUI charge from Lebanon County on November 17, 2023. (*Id.* at 38-40.) The sentencing order provides that the sentence would be served consecutive to any parole violation sentence that Petitioner received. (*Id.*) Based on that conviction and by decision recorded on February 1, 2024, the Board recommitted Petitioner as a CPV to serve

---

[1] We note that some documents in the Certified Record indicate that Petitioner was released on August 22, 2019. (*See, e.g.*, C.R. at 35.) However, the parole paperwork lists June 23, 2019, which is also indicated elsewhere in the Certified Record. (*See, e.g., id*. at , 11, 28, 31, 112, 132, 138, 141.) Moreover, Petitioner's brief indicates her release was on June 23, 2019. (Petitioner's Brief at 8.)

12 months concurrently. (*Id.* at 65-66.) On February 6, 2024, Petitioner was sentenced on the Dauphin County DUI charge to one to two years of incarceration consecutive to the Lebanon County DUI sentence. (*Id.* at 104-05.)

The Board issued a Notice of Charges and Hearing, which Petitioner executed on March 25, 2024. (*Id.* at 72.) The same day, Petitioner acknowledged the Board's notification of inmate rights, waived her right to a revocation and panel hearing and counsel, and admitted to the new conviction. (*Id.* at 73-76.)

The Board issued a decision and an order to recommit in April 2024, based on the Lebanon County conviction, and recalculated Petitioner's maximum date to November 2, 2036. (*Id.* at 112-15.) In its decision recorded May 7, 2024, and mailed May 16, 2024, the Board recommitted Petitioner as a CPV to serve 24 months concurrently with the previously issued recommitment time and Petitioner's maximum date was recalculated as May 9, 2037, as a result of the additional Dauphin County conviction. (*Id.* at 118-19.)

Petitioner filed a pro se petition for administrative review on May 23, 2024. (*Id.* at 120-21.)[2] The Board issued its Order affirming its prior action. (*Id.* at 150-52.) Therein, the Board explained how it calculated Petitioner's new maximum date. Petitioner, still proceeding pro se, timely petitioned this Court for review. Subsequently, counsel entered an appearance on Petitioner's behalf and filed an Amended Petition for Review.

Before this Court,[3] Petitioner argues the Board erred by not giving her credit for backtime from the date the Warrant to Commit and Detain was lodged on

---

[2] Petitioner submitted numerous other documents to the Board. (*See* C.R. at 127-49.)

[3] We review Board orders to determine "whether the decision was supported by substantial evidence, whether an error of law occurred[,] or whether constitutional rights were violated." *Brown v. Pa. Bd. of Prob. & Parole*, 184 A.3d 1021, 1023 n.5 (Pa. Cmwlth. 2017) (citation omitted).

3

February 6, 2023.  Petitioner asserts the record does not show Petitioner received credit towards her new Dauphin County sentence, so that time should be credited toward her backtime even though she did not post bail on the Dauphin County charge.  Petitioner also asserts that her maximum date should be November 2, 2036.[4]

The Board responds that it properly recalculated Petitioner's maximum date.  It asserts that the only period for which Petitioner was held solely on the Board's warrant was from February 6, 2023, until June 26, 2023.  According to the Board, it credited Petitioner with 140 days of backtime for that period.  However, once bail was set on the Dauphin County charge, which Petitioner did not post, the Board asserts Petitioner was no longer detained solely on the Board's warrant.  For that reason, the Board asserts the time period from June 26, 2023, to February 6, 2024, when Petitioner was sentenced in Dauphin County, was not credited and instead went towards Petitioner's new sentence.  The Board argues this is consistent with the law as set forth in *Gaito v. Pennsylvania Board of Probation and Parole,* 412 A.2d 568 (Pa. 1980).  The Board asserts the exception from *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299 (Pa. 2003), does not apply here because the period of presentence incarceration did not exceed the maximum sentence that Petitioner received on the Dauphin County charges.  Assuming it was error for the common pleas court to not specify how that time was to be credited, which the Board denies, the Board asserts that it cannot correct this error, citing *Melhorn v. Pennsylvania Board of Probation and Parole*, 908 A.2d 266 (Pa. 2006).  Because the Board's recalculation of Petitioner's maximum date comports with statutory and case law, the Board asks the Court to affirm its Order.

---

[4] Petitioner also challenges her reparole review date.  However, as that date has since passed, that issue is now moot.

4

Section 6138(a)(2) of the Prisons and Parole Code (Code), provides, in relevant part, that

> (1)   **The [B]oard may**, at its discretion, **revoke the parole of a paroled offender if the offender**, during the period of parole or **while delinquent on parole, commits a crime punishable by imprisonment**, for which the offender is convicted or found guilty by a judge or jury or **to which the offender pleads guilty** or nolo contendere at any time thereafter in a court of record.
>
> . . . .
>
> (2)   **If the offender's parole is revoked**, **the offender shall be recommitted to serve the remainder of the term which the offender would have been compelled to serve had the parole not been granted** and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.
>
> . . . .
>
> (5)   If a new sentence is imposed on the offender, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
> > (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

61 Pa.C.S. § 6138(a)(1), (2), (5)(i) (emphasis added).

In *Gaito*, the Pennsylvania Supreme Court held, in pertinent part, that

> **if a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which [the defendant] spent in custody shall be credited against his original sentence**. If a defendant, however, remains incarcerated prior to trial because [the defendant] has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to [the defendant's] new sentence.

5

412 A.2d at 571 (emphasis added).

Here, based upon a review of the record, the Board's Order is consistent with the Code and *Gaito*. Petitioner was released on parole on June 23, 2019. (C.R. at 9-11.) Her maximum sentence date at the time of her release was February 10, 2033, (*id.*), meaning there was 4,981 days remaining on her Original Sentence. The Warrant to Commit and Detain was lodged on February 6, 2023. (*Id.* at 22.) At the time, Petitioner was free on unsecured bail on the Lebanon County DUI charge. (*Id.* at 42.) Therefore, Petitioner was being detained solely on the parole warrant at that time. However, on June 26, 2023, bail was set and not posted on the Dauphin County DUI charge. (*Id.* at 100-01.) Consequently, the only period during which Petitioner was incarcerated solely on the parole warrant was from February 6, 2023, to June 26, 2023, which is a period of 140 days. The Board awarded backtime credit for this period. (*Id.* at 116.) When those 140 days are subtracted from the 4,981 days remaining on Petitioner's Original Sentence, it leaves 4,841 days of backtime that is owed. Petitioner became available to begin serving the backtime on February 6, 2024, which is the date she was sentenced on the Dauphin County DUI charge. (Id. at 104-05.) Adding 4,841 days to February 6, 2024, results in a new maximum date of May 9, 2037, which is consistent with the Board's calculation of the new maximum date. (*Id.* at 118-19.)

Under the Code and *Gaito*, the time from June 26, 2023, when bail was set for the Dauphin County DUI charge, and February 6, 2024, when Petitioner was sentenced on the Dauphin County DUI charge is applied to the new sentence. There is a limited exception recognized in *Martin* that provides, if it is not possible to award all of the credit towards the new sentence because the period of presentence incarceration exceeds the maximum term of the new sentence, then the excess days

6

must be applied towards the original sentence. However, that exception does not apply here. Petitioner was sentenced to a maximum of two years of incarceration on the Dauphin County DUI charge, (*id.* at 104-05), but the time spent in confinement between June 26, 2023, and February 6, 2024, (225 days) is less than the two-year maximum term.

Petitioner argues that because the record is devoid of any evidence, such as a sentencing order, that shows Petitioner was awarded credit for that time towards her new Dauphin County DUI conviction, the Board must give her credit for that time, which would also impact the calculation of her maximum date. For support, Petitioner cites a footnote in *Martin* in which the Supreme Court stated that "if a trial court intends an alternative sentence to include the time served pending disposition on the new criminal charges, such an intent should be expressly stated on the record." (Petitioner's Br. at 13 (quoting *Martin*, 840 A.2d at 309 n.6.).)

This Court was previously reversed by the Supreme Court when we held pre-sentence confinement should be credited towards the parolee's original sentence when the trial court's sentencing order did not credit it towards the new sentence. *Melhorn v. Pa. Bd. of Prob. & Parole*, 883 A.2d 1123 (Pa. Cmwlth. 2005), *rev'd*, 908 A.2d 266 (Pa. 2006).[5] There, the parolee was confined 5 months, 10 days on both a detainer and new charges for which he did not post bail. 883 A.2d at 1124. At the time of sentencing on the new charges, the sentencing court did not specify that the parolee should receive credit towards his new sentence for that time. *Id.* at 1125. Rather, the trial court imposed the sentence effective January 30, 2004,

---

[5] The Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board effective February 18, 2020. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115; *see also* Section 6101 and 6111(a) of the Code, 61 Pa.C.S. §§ 6101, 6111(a).

notwithstanding that the parolee had been incarcerated since August 19, 2003. *Id.* The Board similarly did not credit that time when computing his new maximum date. *Id.* The parolee sought review by this Court, asserting the period of pre-sentence confinement on the warrant and new charges had to be credited towards backtime since the sentencing order did not credit it towards the new sentence. *Id.* at 1126. We reversed the Board's order and remanded with direction that it recalculate the parolee's maximum date after awarding him credit towards backtime. *Id.* at 1129-30.

The Supreme Court, in a per curiam order, reversed our order. 908 A.2d at 266. In doing so, it cited *McCray v. Department of Corrections*, 872 A.2d 1127, 1133 (Pa. 2005), which held the proper recourse for a parolee in a situation such as this, was through the sentencing court, not the Board or Department of Corrections. *See also Koehler v. Pa. Bd. of Prob. & Parole*, 935 A.2d 44, 55 (Pa. Cmwlth. 2007) (explaining a parolee's remedy when a trial court does not credit time spent in confinement towards a new sentence that exceeds that period of pre-sentence confinement is through the trial court and the direct appeal process not the Board and this Court). Following *Melhorn*, the Supreme Court in *Smith v. Pennsylvania Board of Probation and Parole* reaffirmed that

> *Gaito* remains the general law in this Commonwealth respecting how credit should be allocated for a [CPV] who receives a new sentence of incarceration, and the exception to *Gaito*, set forth at footnote 6 and further developed in *Martin*, is limited to cases in which a convicted parole violator receives a term of incarceration for new charges that is shorter than his pre-sentence confinement, such that application of the general *Gaito* rule would result in excess incarceration.

171 A.3d 759, 768-69 (Pa. 2017).

8

Because the Board properly recalculated Petitioner's maximum date in accordance with the Code and precedent, we affirm the Board's Order.

_____
RENÉE COHN JUBELIRER, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Luzmari Tatiana Colon-Rivera,      :
                         Petitioner   :
                                :
              v.              :   No. 1367 C.D. 2024
                                :
Pennsylvania Parole Board,        :
                      Respondent  :

# **O R D E R**

**NOW**, January 27, 2026, the Order of the Pennsylvania Parole Board, entered in the above-captioned matter, is **AFFIRMED**.

 

 

_____
RENÉE COHN JUBELIRER, President Judge