IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Luis Pearson, : 
          Petitioner : 
  : 
  : 
    v. : 
  : 
Pennsylvania Parole Board, : No. 1533 C.D. 2022
          Respondent : Submitted: February 6, 2024

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                          FILED:  March 4, 2024

       Luis Pearson (Pearson) petitions this Court for review of the Pennsylvania Parole Board's (Board) September 22, 2022 order (mailed September 23, 2022), affirming the Board decision recorded on August 26, 2021 (mailed September 3, 2021). This Court appointed Schuylkill County Assistant Public Defender, Kent D. Watkins, Esquire (Counsel), to represent Pearson. Counsel has filed an Application for Leave to Withdraw Appearance (Application) and submitted a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) (*Turner* Letter),[1] in support thereof. After review, this Court grants Counsel's Application and affirms the Board's order.

---

[1] This Court has explained the use of a no-merit letter as follows:

> Through this type of letter, an attorney seeks to withdraw from representation of a parole violator because "the [violator's] case lacks merit, even if it is not so anemic as to be deemed wholly frivolous." *Com[monwealth] v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007).

On August 10, 2010, Pearson pleaded guilty to aggravated assault with serious bodily injury and the Lehigh County Common Pleas Court sentenced him to 5 to 12 years of incarceration (Original Sentence). *See* Certified Record (C.R.) at 1. Pearson's Original Sentence maximum release date was September 28, 2021. *See* C.R. at 2. Relative to the instant case, on July 23, 2018, the Board issued an order to release Pearson on parole from his Original Sentence. *See* C.R. at 33. His Original Sentence maximum release date at that time was April 1, 2022. *See id.* Pearson's actual release date was June 15, 2019. *See id.*

On July 10, 2019, the Delaware County Police Department arrested Pearson for multiple drug charges (Delaware County charges). *See* C.R. at 40. The Board issued a warrant to commit and detain Pearson on July 10, 2019. *See* C.R. at 38. On July 11, 2019, the Delaware County Common Pleas Court (Delaware County court) set bail. *See* C.R. at 64. Pearson did not post bail. *See* C.R. at 63. On April 27, 2021, Pearson pleaded guilty to felony possession of contraband/controlled substance, and the Delaware County court sentenced Pearson to time served to 23 months. *See* C.R. at 40, 53. The Board verified the conviction on April 29, 2021. Pearson signed a waiver of revocation hearing and counsel/admission form on July 9, 2021. *See* C.R. at 42-44.

---

Such letters are referred to by various names by courts of this Commonwealth. *See, e.g.*, *Commonwealth v. Porter*, . . . 728 A.2d 890, 893 [] n.2 ([Pa.] 1999) (referring to such a letter as a "'no merit' letter" and noting that such a letter is also commonly referred to as a "*Finley* letter," referring to the Superior Court case *Commonwealth v. Finley*, . . . 479 A.2d 568 ([Pa. Super.] 1984)); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) ("Turner letter"); *Commonwealth v. Blackwell*, 936 A.2d 497, 499 (Pa. Super. [] 2007) ("Turner/Finley letter").

*Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25 n.2 (Pa. Cmwlth. 2009).

*Anderson v. Pa. Bd. of Prob. & Parole*, 237 A.3d 1203, 1204 n.2 (Pa. Cmwlth. 2020).

On July 10, 2021, the Board's Hearing Examiner recommitted Pearson as a convicted parole violator (CPV) and sentenced him to nine months of backtime.[2] *See* C.R. at 59. By September 2, 2021 order, the Board recalculated Pearson's Original Sentence maximum release date to March 20, 2024. *See* C.R. at 75. On September 21, 2022, Pearson filed a request for administrative relief. See C.R. at 80-82. On September 23, 2022, the Board affirmed its decision recorded on August 26, 2021 (mailed September 3, 2021). Pearson appealed to this Court.[3]

By March 2, 2023 Order, this Court appointed the Schuylkill County Public Defender's Office to represent Pearson. On March 8, 2023, Counsel entered his appearance. On May 22, 2023, Counsel filed his Application and his *Turner* Letter. By May 24, 2023 Order, this Court informed Pearson that he may, within 30 days after service of the Order on him by Counsel, either obtain substitute counsel at his own expense and have new counsel enter an appearance and file a brief in support of the Petition for Review, or file a brief on his own behalf.[4]

Before addressing Pearson's substantive arguments, this Court must assess the adequacy of Counsel's *Turner* Letter. This Court has explained:

> "A [*Turner*] letter must include an explanation of 'the nature and extent of counsel's review and list each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'"

---

[2] The other Board Member concurred on July 15, 2021. *See* C.R. at 60. "The [B]oard may make decisions . . . in panels of two persons. A panel shall consist of one [B]oard member and one hearing examiner or of two board members." Section 6113(b) of the Prisons and Parole Code, 61 Pa.C.S. § 6113(b).

[3] "This Court's 'review over actions of the Board is limited to determining whether the decision was supported by substantial evidence, whether an error of law occurred or whether constitutional rights were violated.' *Ramos v. Pa. Bd. of Prob.* [&] *Parole*, 954 A.2d 107, 109 n.1 (Pa. Cmwlth. 2008)." *Brown v. Pa. Bd. of Prob. & Parole*, 184 A.3d 1021, 1023 n.5 (Pa. Cmwlth. 2017).

[4] Counsel also notified Pearson regarding the same in his *Turner* Letter. On May 24, 2023, Counsel served the Order on Pearson. Pearson did not obtain substitute counsel or file a pro se brief with this Court.

> *Seilhamer*[ *v. Pa. Bd. of Prob. & Parole*], 996 A.2d [40,] 43 [(Pa. Cmwlth. 2010)] (quoting *Turner*, 544 A.2d at 928) (some alterations omitted). As long as a *Turner* letter satisfies these basic requirements, [this Court] may then review the soundness of a petitioner's request for relief. *Zerby*[ *v. Shanon*], 964 A.2d [956,] 960 [(Pa. Cmwlth. 2009)]. However, if the *Turner* letter fails on technical grounds, [this Court] must deny the request for leave to withdraw, without delving into the substance of the underlying petition for review, and may direct counsel to file either an amended request for leave to withdraw or a brief on behalf of their client. *Id.*

*Anderson v. Pa. Bd. of Prob. & Parole*, 237 A.3d 1203, 1207 (Pa. Cmwlth. 2020).

Here, Counsel stated in his *Turner* Letter that he reviewed the Certified Record, examined the relevant case law and statutes, and corresponded with Pearson. Further, Counsel presented the procedural history of Pearson's case, set forth and addressed the issue Pearson raised in his administrative appeal, and concluded based on his exhaustive examination of the record and research that Pearson's appeal is without merit. Counsel also notified Pearson regarding the same in his *Turner* Letter. After review, this Court concludes that Counsel complied with the procedural requirements for withdrawing from representation.

Pearson argues that because the Delaware County court sentenced him to time served to 23 months of incarceration and specified that the time served was from July 11, 2019 to January 11, 2020, and further specified that the "sentence [was] effective today 4/27/[20]21[,] [c]oncurrent to state sentence/supervision[,]" the Board miscalculated his new Original Sentence maximum release date. C.R. at 53. Specifically, Pearson contends that because the Delaware County court did not give him credit for the time spent incarcerated on the Board's warrant and Delaware County's charges, that time must be credited towards his Original Sentence.

4

The Board explained:

On July 10, 2019, the Board lodged its detainer against [Pearson]. On July 11, 2019, local authorities in Delaware County arrested [Pearson] for new criminal charges that occurred the previous day, and bail was set at $48,800[.00] monetary which [Pearson] did not post. On April 27, 2021, [Pearson] [was] sentenced in Delaware County to a new term of incarceration of time served to 23 months to be served in Delaware County Prison. On June 4, 2021, Judge Bradley in Delaware County signed an order paroling [Pearson] from [his] new Delaware County sentence. Based on these facts, [Pearson] [is] entitled to one day of pre-sentence credit from July 10, 2019 to July 11, 2019[,] because the Board held [Pearson] solely on its warrant for that day. Because [Pearson] failed to post bail on [his] new criminal charges, [he] [is] not entitled to any pre-sentence credit toward [his] [O]riginal [S]entence after July 11, 2019, as the Board did not hold [Pearson] solely on its detainer following [his] arraignment in Delaware County. *Gaito v. Pa. [Bd.] of Prob[.] [&] Parole*, 412 A.2d 568 (Pa. 1980). This means [Pearson] owed 1021-1 = 1020 days on [his] [O]riginal [S]entence based on the recommitment. Additionally, the fact that Delaware County did not apply credit for time spent incarcerated on both the new Delaware County charges and the Board's detainer is not an error the Board can fix. The Board must calculate based on the rules of bail first and foremost. *Melhorn v. [Pa.] [Bd.] of Prob[.] [&] Parole*, 883 A.2d 1123 (Pa. [Cmwlth]. 2005), *rev'd*, 908 A.2d 266 (Pa. 2006).

The Prisons and Parole Code [(Parole Code)] provides that a CPV who was released from a state correctional institution and receives a new sentence to be served in a county facility must serve the balance of the new term first. 61 Pa.C.S. § 6138(a)(5). This means that [Pearson] became available to commence service of [his] [O]riginal [S]entence on June 4, 2021, when [he] [was] paroled from Delaware County. Adding 1020 days to June 4, 2021[,] yields a recalculated [Original Sentence] maximum [release] date of March 20, 2024. Thus, the Board properly recalculated [Pearson's] [Original Sentence] maximum [release] date.

5

C.R. at 83-84.

> Section 6138(a)(5) of the Parole Code provides:
>
> If a new sentence is imposed on the offender, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
>> (i) If a person is paroled from a [s]tate correctional institution and the new sentence imposed on the person is to be served in the [s]tate correctional institution.
>>
>> (ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.
>>
>> (iii) In all other cases, **the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed**.

61 Pa.C.S. § 6138(a)(5) (emphasis added).

> In *Gaito* the Pennsylvania Supreme Court held:
>
> [I]f a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.[FN]6
>
>> [FN]6 It is clear, of course, that if a parolee is not convicted, or if no new sentence is imposed for that conviction on the new charge, the pre-trial custody time must be applied to the parolee's original sentence.

*Gaito*, 412 A.2d at 571. In *Martin v. Pennsylvania Board of Probation & Parole*, 840 A.2d 299 (Pa. 2003), our Supreme Court explained: "Our intent in articulating the footnote in *Gaito*, was that, 'if a parolee is not convicted, or if no new [period of incarceration] is imposed for that conviction on the new charge, the pre-trial custody

6

time must be applied to the parolee's original sentence.'" *Id*. at 305. The *Martin* Court held that "where an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence." *Id*. at 309.

However, the law is well settled that "where a sentencing court does not give an inmate full credit for time served, the inmate's remedy is in the trial court and through the direct appeal process, not through the Board." *Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348, 356 (Pa. Cmwlth. 2007); *see also Melhorn*. Here, Pearson claims that although the new sentence was longer than the pre-sentence confinement, because the Delaware County court did not give him full credit for his time served, that time should be credited to his Original Sentence. "Under the facts presented here, [this Court] conclude[s] that the Board properly refused to apply [Pearson's] pre-sentence confinement time towards his [O]riginal [S]entence." *Armbruster*, 919 A.2d at 356.

Because this Court agrees that Pearson's claim has no merit, Counsel's Application is granted, and the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Luis Pearson,                           :
                 Petitioner        :
                                                          :
               v.                  :
                                                           :
Pennsylvania Parole Board,              :    No. 1533 C.D. 2022
                 Respondent        :

## O R D E R

AND NOW, this 4th day of March, 2024, Kent D. Watkins, Esquire's Application for Leave to Withdraw Appearance is GRANTED, and the Pennsylvania Parole Board's September 22, 2022 order (mailed September 23, 2022) is AFFIRMED.

_____

ANNE E. COVEY, Judge