IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian Lee Reason,                         :
                          Petitioner      :
                                          :
          v.                              : No. 1689 C.D. 2024
                                          : Submitted: June 3, 2025
Pennsylvania Parole Board,                :
                          Respondent      :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE STACY WALLACE, Judge


<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WALLACE                              FILED:  September 9, 2025


Brian Lee Reason (Reason) petitions for review of the Pennsylvania Parole Board's (Board) November 25, 2024 order (Decision) denying his request for administrative relief from the Board's computation of his parole violation maximum date.  On appeal, Reason asserts the Board erred in failing to award him credit for time he served in pre-trial incarceration while he was being held for inability to meet bail requirements on his new charges and on the Board's detainer, where his total period of pre-trial incarceration exceeded the maximum sentence he received on his new criminal charges.  Upon review, we affirm the Board's Decision.

**Factual and Procedural Background**

The relevant facts and procedural history of this case are as follows.  In May of 2017, Reason entered a guilty plea in the Chester County Court of Common Pleas

(trial court) to Intimidation of Witness, Simple Assault, and Disorderly Conduct. Certified Record (C.R.) at 1. The trial court sentenced Reason to 2 years, 23 days to 6 years, 11 months at a State Correctional Institution (SCI) with a maximum sentence date of December 17, 2022. *Id.* at 3, 8.

The Board released Reason on parole on February 21, 2019, at which time Reason had a total of 1,395 days remaining on his sentence. *Id.* at 14, 129. On May 17, 2021, a Protection from Abuse (PFA) order was filed against Reason. *Id.* On May 19, 2021, Phoenixville Borough Police Department arrested Reason on new criminal charges. *Id.* That same day, a magisterial district judge set Reason's bail at $50,000 monetary,[1] which Reason was unable to post. *Id.* at 92. The Board also issued a warrant to commit and detain Reason on May 19, 2021. *Id.* at 14-15. Thus, Reason was at liberty on parole from February 21, 2019, to May 19, 2021. *Id.* at 25.

On December 17, 2022, the Board lifted its detainer because Reason reached his original maximum sentence date. C.R. at 16. Nevertheless, Reason remained incarcerated on his new charges because he was still unable to post bail. *Id.* at 92. On March 13, 2024, the trial court convicted Reason of multiple crimes based upon his new charges and modified Reason's bail to $50,000 unsecured,[2] thereby releasing Reason on bail pending sentencing on his new charges. *Id.* at 25, 92. On March 21,

---

[1] The Pennsylvania Rules of Criminal Procedure define release on a monetary condition as "[r]elease conditioned upon the defendant's compliance with a monetary condition . . . . The amount of the monetary condition shall not be greater than is necessary to reasonably ensure the defendant's appearance and compliance with the condition of the bail bond." Pa.R.Crim.P. 524(C)(5).

[2] The Pennsylvania Rules of Criminal Procedure define release on unsecured bail as "[r]elease conditioned upon the defendant's written agreement to be liable for a fixed sum of money if he or she fails to appear as required or fails to comply with the conditions of the bail bond. No money or other form of security is deposited." Pa.R.Crim.P. 524(C)(3).

2024, the Board issued a new warrant to detain Reason on his original charges.[3] *Id.* at 17. The trial court ultimately sentenced Reason on his new charges to an aggregate sentence of one to two years of incarceration plus three years of probation supervision consecutive to the incarceration. *Id.* at 93-94. The trial court awarded Reason credit for time served on the new charges from May 19, 2021, through May 19, 2023. *Id.* at 94.

On May 22, 2024, one of the Board's hearing officers[4] held a hearing to accept evidence regarding Reason's potential parole revocation (revocation hearing). C.R. at 27. Reason's parole agent testified at the revocation hearing and provided a copy of the trial court's order convicting Reason of his new charges. *Id.* at 32-36. Reason's counsel presented letters of support, as well as the testimony of Reason, who acknowledged the new conviction. *Id.* at 36-40.

Thereafter, the hearing officer generated a hearing report (Report). *See* C.R. at 69. In its Report, the hearing officer relied on Reason's new conviction, his acknowledgment of the new conviction, and the support letters he provided. *Id.* at 77. The hearing officer recommended the Board award Reason credit for the time he spent at liberty on parole, except for the final two days after a PFA was entered against Reason. *Id.* at 75-76. The hearing officer further recommended the Board recommit Reason to a SCI as a convicted parole violator (CPV) to serve a recommitment period of nine months of incarceration. *Id.* at 79. Thereafter, a member of the Board adopted the hearing officer's recommendation. *Id.*

---

[3] The Board is not disputing Reason's entitlement to credit on his original sentence for time served from March 21, 2024, through June 7, 2024, Reason's sentencing date.

[4] Reason signed a waiver of panel hearing on May 1, 2024, thereby permitting the hearing officer to conduct Reason's revocation hearing without a member of the Board present. *See* C.R. at 31-32.

On August 5, 2024, Reason filed a counseled request for administrative relief challenging the Board's computation of his parole violation maximum date. C.R. at 125. The Board then issued its Decision, denying Reason's request for administrative relief. *Id.* at 129-30. Specifically, the Board concluded:

[Reason] was paroled . . . with 1,395 days remaining on his original sentence the day he was released. The Board's decision to recommit him as a [CPV] authorized the recalculation of his maximum date to reflect that he received no credit for the time spent at liberty on parole. 61 Pa. C.S. § 6138(a)(2). In this case, the Board awarded partial credit from February 21, 2019[,] to May 17, 2021 (816 days), which means he owed . . . 579 days on his original sentence based on the recommitment.

The record reveals that on May 19, 2021, [] Reason was arrested for new criminal charges in Chester County and the Board issued a warrant against him. He did not post bail. On December 17, 2022, he reached his max date and the Board's warrant was lifted. On March 13, 2024, he was given unsecured bail. On March 21, 2024, the Department of Corrections . . . issued a warrant against him. On June 7, 2024, he was sentenced in the Chester County Court of Common Pleas (docket CR-1861-2021) to serve a new term of incarceration of 1 – 2 years in the SCI. On June 17, 2024, he was recommitted as a [CPV] to serve 9 months, when available, pending his return to an SCI.

Based on the above facts, [] Reason is entitled to backtime credit towards his original sentence from March 21, 2024[,] to June 7, 2024 (78 days), because he was held solely on the [Board's] detainer prior to sentencing. *Gaito v. Pa. [Bd.] of [Prob. &] Parole*, 412 A.2d 568 (Pa. 1980). Additional credit was not given pursuant to *Martin v. Pa. [Bd.] of [Prob. &] Parole*, 840 A.2d 299 (Pa. 2003) because he was not held in excess of the new sentence while the [Board's] detainer was lodged against him. This means that he owed 579 – 78 = 501 days on his original sentence.

. . . . In this case, June 7, 2024 is [] Reason's effective date because he was sentenced on the new charges and that is when he was available to the Board to serve his backtime. Adding 501 days to that date yields a new maximum date of October 21, 2025.

C.R. at 129-31.

Reason then filed a Petition for Review (Petition) with this Court. On appeal, Reason asserts the Pennsylvania Supreme Court established in *Martin* that "where the total amount of presentence confinement exceeds a convicted parole violator's new sentence of incarceration, the excess must be applied to his original sentence by the Board." Reason's Br. at 12-13. Reason then argues that because he served greater than two years of pre-trial incarceration, which was the maximum term of incarceration he received on his new sentence, he should receive credit for the remainder of his pre-trial incarceration on his original sentence. *Id.* at 14. Specifically, Reason argues he was being held on both his new charges and the Board's detainer from May 19, 2021, through March 13, 2022 (298 days),[5] and that an equitable application of credit for time served would result in him receiving credit on his original sentence for this time period and from March 13, 2022, through March 13, 2024, (2 years) on his new sentence. *Id.* In essence, Reason is requesting credit for two years on his new sentence from the end of his pre-trial incarceration rather than the beginning. Reason is requesting an atypical application of credit because the Board lifted its detainer such that he was only incarcerated for failure to meet bail requirements for the later portions of his pre-trial confinement.

**Discussion**

In cases involving the Board's decision to deny a parolee's request for administrative relief, we review the Board's decision to determine whether substantial evidence supports the Board's necessary findings of fact, whether the

---

[5] Reason's request was for credit for 300 days (May 17, 2021 through March 13, 2022) on the basis that he was being held on the Board's detainer during this period. *See* Reason's Br. at 14. Nevertheless, the Board did not issue its detainer until Reason was arrested on May 19, 2021. Reason has not asserted any arguments he should be credited for time at liberty on parole from May 17, 2021, to May 18, 2021. Consequently, we analyze Reason's request under the time period he was actually held on the Board's detainer, May 19, 2021, to March 13, 2022 (298 days).

5

Board committed an error of law, or whether the Board violated the parolee's constitutional rights. *McNally v. Pa. Bd. of Prob. & Parole*, 940 A.2d 1289, 1292 (Pa. Cmwlth. 2008). Where the law grants the Board discretion, we also review for an abuse of that discretion. *See Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 474 (Pa. 2017). An abuse of discretion occurs when "the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record." *Id.* (quoting *Zappala v. Brandolini Prop. Mgmt., Inc.*, 909 A.2d 1272, 1284 (Pa. 2006)).

The Pennsylvania Supreme Court addressed the allocation of credit for periods a CPV spends in pre-trial incarceration in *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980). In *Gaito*, the Pennsylvania Supreme Court held:

> [I]f a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.

*Id.* at 571. In footnote six, the Court noted: "It is clear, of course, that if a parolee is not convicted, or if no new sentence is imposed for that conviction on the new charge, the pre-trial custody time must be applied to the parolee's original sentence." *Id.* at 571 n.6.

Later, in *Martin*, the Pennsylvania Supreme Court clarified this limited exception to *Gaito's* general rule, as follows:

> where an offender is incarcerated on **both** a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence. We further hold that

6

the indigency of a detainee in failing to satisfy the requirements for bail is not determinative as to whether the offender receives credit for time served.

*Martin*, 840 A.2d at 309 (footnote omitted) (emphasis added).

This Court attempted to extend the *Martin* holding in *Melhorn v. Pennsylvania Board of Probation and Parole*, 883 A.2d 1123 (Pa. Cmwlth. 2005). In *Melhorn*, a parolee received a new sentence that was longer than the time he was incarcerated on both a Board detainer and for failure to satisfy bail requirements on his new charges. *Id.* at 1129-30. Nevertheless, the sentencing court did not credit the parolee's pre-trial incarceration to his new sentence. *Id.* at 1126. The Board also declined to give the parolee credit against his original sentence, asserting the time could only be credited against his new sentence and the parolee should have sought relief from the trial court's sentencing order on his new charges. *Id.* Applying *Martin's* requirement that "where an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence," this Court directed the Board to credit the parolee's pre-trial detention time toward his original sentence. *Id.* at 1129. On appeal, the Pennsylvania Supreme Court reversed in a per curiam order, without explanation, citing *Gaito* and *McCray v. Pennsylvania Department of Corrections*, 872 A.2d 1127 (Pa. 2005). *Melhorn v. Pa. Bd. of Prob. & Parole*, 908 A.2d 266, 266 (Pa. 2006).

Later, in *Smith v. Pennsylvania Board of Probation and Parole*, 171 A.3d 759 (Pa. 2017), the Pennsylvania Supreme Court explained:

> *Gaito* remains the general law in this Commonwealth respecting how credit should be allocated for a convicted parole violator who receives a new sentence of incarceration, and the exception to *Gaito*, set forth at footnote 6 and further developed in **Martin, is limited to cases in which a convicted parole violator receives a term of incarceration**

7

**for new charges that is shorter than his pre-sentence confinement,** such that application of the general *Gaito* rule would result in excess incarceration.

*Id.* at 768-69 (emphasis added). In applying these principles in *Smith*, the Court concluded that where a parolee received a new sentence that was longer than his pre-trial incarceration, the general rule of *Gaito* applied. *Id.* at 770-71. Thus, the parolee in *Melhorn*, whose new sentence was longer than his pre-trial incarceration, was subject to *Gaito's* general rule requiring all time spent incarcerated because bail had not been met to be credited to the new charges. Here, Reason received a sentence of one to two years of incarceration plus three years of probation supervision on his new charges. The trial court awarded Reason with credit for two years' time served from May 19, 2021, to May 19, 2023, which includes the entire period of time Reason spent in pre-trial incarceration under both the Board's original detainer and for failure to meet bail requirements on his new charges. In requesting the Board to reallocate his credit for time served such that he receives credit for the final two years of his pre-trial incarceration on his new charges, Reason is essentially asking this Court to order the Board to change the credit he received from the trial court on his new charges. As the Pennsylvania Supreme Court explained in *McCray*, however, the Board does not have the authority to alter a trial court's sentencing order. Specifically, the Court explained:

> The Department [of Corrections (Department)] is an executive branch agency that is charged with faithfully implementing sentences imposed by the courts. As part of the executive branch, the Department lacks the power to adjudicate the legality of a sentence or to add or delete sentencing conditions.

*McCray*, 872 A.2d at 1133. Therefore, the Board cannot modify the trial court's provision of credit in Reason's new sentencing order.

*Martin* only holds that "where an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence." *Martin*, 840 A.2d at 309. The trial court awarded Reason with credit toward his new charges for all of the time while he was incarcerated on the Board's original detainer and on his new charges. As a result, the trial court's sentencing order on Reason's new charges satisfied the requirement in *Martin*, and the Board did not err in refusing to award Reason credit on his original sentence.

## Conclusion

For the reasons set forth above, we affirm the Board's order denying Reason's request for administrative relief.

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian Lee Reason,                :
                 Petitioner       :
                                   :
         v.                       : No. 1689 C.D. 2024
                                   :
Pennsylvania Parole Board,       :
                 Respondent    :

# **O R D E R**

    **AND NOW**, this 9th day of September 2025, the November 25, 2024 order of the Pennsylvania Parole Board is **AFFIRMED**.


                                    _____
                                    STACY WALLACE, Judge